CA 07 321 ML
LDA

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ROBERT C. HINTON, JR.

VS. CA NO: 07-

THE GROUP SHORT TERM DISABILITY AND LONG TERM DISABILITY PLAN FOR EMPLOYEES OF INVACARE CORPORATION; INVACARE CORPORATION In Its Capacity as Plan Administrator; and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; Alias

## COMPLAINT IN CIVIL ACTION

NOW COMES the Plaintiff, Robert Hinton, by his attorney, Mark B. Morse, and sets forth the following:

## JURISDICTION AND VENUE

Plaintiff brings this action to recovery damages and for equitable relief under the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., and particularly Section 510 (20 U.S.C. 1140), 20 U.S.C. 1104 *et seq.*, and all other applicable provisions of the Act to redress the termination of his Long-Term Disability Benefits, which was done pretextually and with the purpose of interfering with a right to which he was entitled under an employee benefit plan.

## THE PARTIES

1. Plaintiff is a citizen of the United States of America and resides at 60 Summer Street, Manville, Rhode Island. At all times material hereto, Plaintiff has been an employee of Invacare Corporation (hereinafter the Employer) since in or about August 2004 as a salesperson of medical equipment.

2. The Employer, is a corporation authorized to do business in the State of Rhode Island and owns and operates a medical supply business located at various locations throughout the State of Rhode Island, and other New England States.

3. The Employer is an employer within the meaning of ERISA.

4. The Employer maintains an employee benefit plan known as the The Group Short Term Disability and Long Term Disability Plan for Employees of Invacare Corporation; (herein the Plan) and is the plan sponsor of the Plan within the meaning of ERISA.

5. Defendant Invacare Corporation (herein Plan Administrator) , is a corporation which serves as the Plan Administrator of the Plan within the meaning of ERISA.

6. Defendant Hartford Insurance Company (hereinafter Hartford Insurance) is a corporation engaged in the business of insurance with a principal place of business in Hartford , Connecticut, and which is authorized to do business in the State of Rhode Island.

**FACTUAL ALLEGATIONS**

7. At all times material hereto, the Employer and the Plan Administrator caused Hartford Insurance to have issued to the Employer a policy of group disability insurance for certain of the Employer's employees, including Plaintiff.

8. Pursuant to the terms and conditions of the aforesaid policy, Plaintiff was an insured under said policy.

9. The Plan Administrator administers the Plan through the aforesaid policy purchased from Hartford Life Insurance Company.

10. By virtue of the relationship by and among the Employer, the Plan Administrator and Hartford Insurance jointly administers the Plan with the Plan Administrator.

11. The Plan is an employee benefit plan within the meaning of ERISA, and 29 U.S.C. '1002(4), 29 U.S.C. § 1104 et seq., and 29 U.S.C. § 1140.

12. On or about February 22, 2005, Plaintiff sustained substantial injuries.

13. Since on or about February 22, 2005 Plaintiff has been on a medical leave of absence from his job.

14. Since February 22, 2005, Plaintiff has been diagnosed with various debilitating injuries and illnesses, including, right shoulder dislocation, reflex sympathetic dystrophy and chronic pain.

15. As a result of his injuries and illnesses, since on or about February 22, 2005, Plaintiff has been, and continues to be, disabled within the meaning of the Plan.

16. Commencing on or about June 15, 2005, following the applicable elimination period, the Employer and the Plan Administrator provided Plaintiff with Long-Term Disability Benefits.

17. On or about June 8, 2006, the Plan Administrator, and Hartford Insurance, discontinued Plaintiff's disability benefits effective June 1, 2006, even though he remained disabled within the meaning of the Plan.

18. Plaintiff filed a timely appeal of the termination of his benefits in accordance with the Plan requirements and instructions in the initial letter of denial.

19. On or about September 18, 2006, the Plan Administrator and Hartford Insurance denied Plaintiff's appeal.

20. There was, and is, no legal or factual basis for denial of the claims presented by Plaintiff.

21. Plaintiff has complied with all requirements of the administrative claims procedures as set forth in the Plan.

22. Plaintiff met all of the conditions and qualifications for payment of Long-Term Disability Benefits and is entitled to receive and Defendants obligated to pay same.

23. Defendants have failed to keep their agreements and promises by refusing to pay beyond June 1, 2006, Long-Term Disability Benefits under the group disability policy and the Plan, and in so doing have breached same.

24. Plaintiff is totally disabled as defined under the terms of the Plan, and is entitled to Long Term Disability Benefits pursuant to the Plan.

**COUNT I**

**(ERISA VIOLATION, 29 U.S.C.§1001 ET SEQ.)**

25. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 24, inclusive, as if more fully set forth herein.

26. The Plan Administrator and Hartford Insurance otherwise owe the obligation to completely, fairly and accurately evaluate and process all claims and pay those claims in a non arbitrary and capricious manner.

27. Since on or about June 15, 2005, Plaintiff has been entitled to Long-Term Disability Benefits under the terms of the Plan.

28. The Plan Administrator and Hartford Insurance terminated Plaintiff's benefits and have refused to pay Plaintiff's benefits in violation of the written provisions of the Plan.

29. The denial of Plaintiff's disability benefits by the Plan Administrator and Hartford Insurance constitute a purposeful and arbitrary and capricious interference with Plaintiff's right to benefits under the employee benefit plan.

30. Hartford Insurance has acted under an inherent conflict of interest in both funding and administering benefits under the Plan.

31. By virtue of the actions of the Plan Administrator and Hartford Insurance, the defendants have breached their fiduciary obligations.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over her claims and award:

(A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

**COUNT II**

**(BREACH OF CONTRACT)**

32. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 31, inclusive, as if more fully set forth herein.

32. By and through its practices, writings and oral assurances, upon which Plaintiff relied and for which she gave adequate consideration by continuing to work, the Plan Administrator and Hartford Insurance created a contract with the Plaintiff.

33. Said contract was a contract to provide certain disability benefits should Plaintiff ever became disabled.

34. In refusing to pay Plaintiff's Long-Term Disability Benefits, the Plan Administrator

and Hartford Insurance have breached the contract with Plaintiff causing him to suffer lost benefits under the contract.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over her claims and award:

(A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

PLAINTIFF
By his Attorneys,
Law Office of Mark B. Morse

MARK B. MORSE, Esq.
RI Bar Reg No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com