UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT C. HINTON, JR. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 07-321-ML |
| | : | |
| THE GROUP SHORT TERM DISABILITY AND LONG TERM DISABILITY PLAN FOR EMPLOYEES OF INVACARE CORPORATION; INVACARE CORPORATION, In Its Capacity As Plan Administrator; and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; Alias | : | |

**ANSWER OF DEFENDANT**
**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**

Defendant Hartford Life And Accident Insurance Company ("Hartford") hereby responds to the correspondingly numbered allegations in the Complaint as follows.

**"Jurisdiction And Venue"**

The statement in this paragraph constitutes a description of the action as to which no response is required.

**"The Parties"**

1. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Upon information and belief, Hartford admits the allegations in paragraph 2.

3. The allegation in paragraph 3 constitutes a legal conclusion as to which no response is required.

4. Hartford admits the allegations in paragraph 4.

5. Admitted.

6. With regard to the allegations in paragraph 6, Hartford admits only that it is engaged in the business of insurance and is authorized to do business in Rhode Island; the remaining allegations are denied.

**"Factual Allegations"**

7. With respect to the allegations in paragraph 7, Hartford admits only that it issued the referenced group policy no. GRH/GLT-673935 to Invacare Corporation (the "Policy"); the remaining allegations are denied.

8. With respect to the allegations in paragraph 8, Hartford admits only that Plaintiff was an eligible participant in the referenced Plan.

9. Denied as stated. Hartford admits that Invacare purchased the policy to fund the Plan. Hartford further admits that Invacare is the plan administrator, but notes that Hartford is the claims administrator and has full discretion and authority to determine eligibility for benefits under the Plan.

10. The allegations in paragraph 10 are unclear and unintelligible and therefore are denied.

11. The allegation in paragraph 11 constitutes a legal conclusion as to which no response is required.

12. With respect to the allegations in paragraph 12, Hartford admits only that Plaintiff claimed to sustain substantial injuries on or about February 22, 2005.

13. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Hartford denies the allegations in paragraph 15.

16. With respect to the allegations in paragraph 16, Hartford admits only that, as claims administrator, it awarded disability benefits commencing on or about May 30, 2005. The remaining allegations are denied.

17. With respect to the allegations in paragraph 17, Hartford admits only that Plaintiff's disability benefits were discontinued effective June 1, 2006. Hartford denies the remaining allegations in this paragraph.

18. Hartford admits that Plaintiff appealed the termination of his disability benefits.

19. With respect to the allegations in paragraph 19, Hartford admits only that it denied Plaintiff's appeal. Hartford denies the remaining allegations in paragraph 19.

20. Hartford denies the allegations in paragraph 20.

21. With respect to the allegations in paragraph 21, Hartford admits only that Plaintiff submitted a claim pursuant to the claim procedures set forth in the Plan.

22. Hartford denies the allegations in paragraph 22.

23. Hartford denies the allegations in paragraph 23.

24. Hartford denies the allegations in paragraph 24.

**Count I**

25. Hartford incorporates by reference its responses to the allegations in paragraphs 1 through 24, inclusive.

26. The allegations in paragraph 26 purport to state a legal conclusion to which no response is required.

27. With respect to the allegations in paragraph 27, Hartford admits only that Plaintiff received disability benefits from May 30, 2005 through May 31, 2006. The remaining allegations are denied.

28. With respect to the allegations in paragraph 28, Hartford admits only that, as claims administrator, it terminated Plaintiff's disability benefits. Hartford denies the remaining allegations in this paragraph.

29. With respect to the allegations in paragraph 29, Hartford admits only that, as claims administrator, it terminated Plaintiff's disability benefits. Hartford denies the remaining allegations in this paragraph.

30. Hartford denies the allegations in paragraph 30.

31. Hartford denies the allegations in paragraph 31.

**Count II**

32. Hartford incorporates by reference its responses to the allegations in paragraphs 1 through 31, inclusive.

33. Hartford denies the allegations in the second paragraph 32.

34. Hartford denies the allegations in paragraph 33.

35. Hartford denies the allegations in paragraph 34.

**First Affirmative Defense**

The Complaint fails in whole or in part to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff's breach of contract claim is pre-empted by the Employees Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.

**Third Affirmative Defense**

Hartford's decision to discontinue paying disability benefits to the plaintiff was not arbitrary and capricious.

WHEREFORE, Hartford demands that the Complaint be dismissed with prejudice and that Hartford be awarded its costs, attorney fees, and such other relief as this Court deems appropriate.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY

By Its Attorneys,

/s/ Mark A. Pogue

Mark A. Pogue (#3441)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Fax 401-276-6611

Certificate of Service

I hereby certify that on the 15th day of October, 2007 a copy of the foregoing Hartford Life And Accident Insurance Company's Answer was served by ECF to:

Mark B. Morse, Esq.
111 Wayland Avenue
Providence, RI 02903

/s/ Mark A. Pogue