UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT C. HINTON, JR. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 07-321-ML |
| | : | |
| THE GROUP SHORT TERM DISABILITY AND LONG TERM DISABILITY PLAN FOR EMPLOYEES OF INVACARE CORPORATION; INVACARE CORPORATION, In Its Capacity As Plan Administrator; and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; Alias | : | |

**ANSWER OF DEFENDANTS INVACARE CORPORATION AND THE GROUP SHORT TERM DISABILITY AND LONG TERM DISABILITY PLAN FOR EMPLOYEES OF INVACARE CORPORATION**

Defendants Invacare Corporation, in its capacity as plan administrator ("Invacare"), and The Group Short Term Disability And Long Term Disability Plan For Employees of Invacare Corporation (the "Plan") hereby respond to the correspondingly numbered allegations in the Complaint as follows.

**"Jurisdiction and Venue"**

The statement in this paragraph constitutes a description of the action as to which no response is required.

**"The Parties"**

1. These defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 1. With respect to the second sentence

of paragraph 1, these defendants admit that Plaintiff began working at Invacare in August 2004, but deny that he is a current employee.

2. Admitted.

3. The allegations in paragraph 3 constitute a legal conclusion as to which no response is required.

4. These defendants admit only that, at the time plaintiff applied for disability benefits, Invacare maintained the Plan. The remaining allegations in this paragraph constitute a legal conclusion as to which no response is required.

5. Admitted.

6. Upon information and belief, these defendants admit the allegations in paragraph 6.

**“Factual Allegations”**

7. With respect to the allegations in paragraph 7, these defendants admit only that Hartford issued the referenced group policy no. GRH/GLT-673935 to Invacare Corporation (the "Policy"); the remaining allegations are denied.

8. With respect to the allegations in paragraph 8, these defendants admit only that Plaintiff was an eligible participant in the referenced Plan.

9. Denied as stated. These defendants admit that Invacare purchased the Policy to fund the Plan. They further admit that Invacare is the plan administrator, but note that Hartford is the claims administrator and has full discretion and authority to determine eligibility for benefits under the Plan.

10. The allegations in paragraph 10 are unclear and unintelligible and are therefore denied.

11. The allegations in paragraph 11 constitute a legal conclusion as to which no response is required.

12. With respect to the allegations in paragraph 12, these defendants admit only that Plaintiff claimed to sustain substantial injuries on or about February 22, 2005.

13. These defendants deny the allegations in paragraph 13.

14. These defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. These defendants deny the allegations in paragraph 15.

16. These defendants deny that Invacare made the decision to approve disability benefits; rather, plaintiff's claim was referred to Hartford for claims administration pursuant to the terms of the Policy. Accordingly, these defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. These defendants deny that Invacare made the decision to discontinue Plaintiff's disability benefits; rather, Plaintiff's claim was referred to Hartford for claims administration pursuant to the terms of the Policy. These defendants admit that plaintiff's disability benefits were discontinued effective May 31, 2006. The remaining allegations are denied.

18. These defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. These defendants deny that Invacare denied Plaintiff's appeal; rather, Plaintiff's appeal was referred to Hartford for claims administration pursuant to the terms of the Policy. These defendants admit that plaintiff's disability benefits were discontinued effective May 31, 2006. The remaining allegations are denied.

20. These defendants deny the allegations in paragraph 20.

21. These defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. These defendants deny the allegations in paragraph 24.

23. These defendants deny the allegations in paragraph 23.

24. These defendants deny the allegations in paragraph 24.

**Count I**

25. These defendants incorporate by reference their response to the allegations in paragraphs a through 24, inclusive.

26. The allegations in paragraph 26 purport to state a legal conclusion to which no response is required.

27. These defendants admit only that plaintiff received disability benefits from May 30, 2005 through May 31, 2006. The remaining allegations are denied.

28. These defendants deny that Invacare terminated Plaintiff's benefits; rather, Plaintiff's claim was referred to Hartford for claims administration pursuant to the Policy. Accordingly, these defendants deny the allegations in paragraph 28.

29. These defendants deny that Invacare terminated Plaintiff's benefits; rather, Plaintiff's claim was referred to Hartford for claims administration pursuant to the Policy. Accordingly, these defendants deny the allegations in paragraph 29.

30. These defendants deny the allegations in paragraph 30.

31. These defendants deny the allegations in paragraph 31.

**Count II**

32. These defendants incorporate by reference their responses to the allegations in paragraph 1-31.

33. These defendants deny the allegations in the second paragraph 32.

34. These defendants deny the allegations in paragraph 33.

35. These defendants deny the allegations in paragraph 34.

**First Affirmative Defense**

The Complaint fails in whole or in part to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff's breach of contract claim is pre-empted by the Employees Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.

**Third Affirmative Defense**

Hartford's decision to discontinue paying disability benefits to the Plaintiff was not arbitrary and capricious.

WHEREFORE, Invacare and the Plan demand that the Complaint be dismissed with prejudice and that they be awarded their costs, attorney fees, and such other relief as this Court deems appropriate.

INVACARE CORPORATION and THE GROUP SHORT TERM DISABILITY AND LONG TERM DISABILITY PLAN FOR EMPLOYEES OF INVACARE CORPORATION,

By Their Attorneys,

/s/ Mark A. Pogue
Mark A. Pogue (#3441)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Fax 401-276-6611

Certificate of Service

I hereby certify that on the 15th day of October, 2007 a copy of the foregoing Answer of Defendants Invacare Corporation And The Group Short Term Disability And Long Term Disability Plan For Employees of Invacare Corporation was served by ECF to:

Mark B. Morse, Esq.
111 Wayland Avenue
Providence, RI 02903

/s/ Mark A. Pogue