UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ROBERT C. HINTON, JR.

VS. CA NO: 07- 321ML

THE GROUP SHORT TERM DISABILITY AND LONG TERM DISABILITY PLAN FOR EMPLOYEES OF INVACARE CORPORATION; INVACARE CORPORATION In Its Capacity as Plan Administrator; and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; Alias

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO ALLOW LIMITED DISCOVERY AND FOR EXTENSION OF TIME IN WHICH TO FILE DISPOSITIVE MOTIONS**

Plaintiff 's Complaint is based upon the Defendants' denial of long term disability benefits to Plaintiff. The action is initiated under ERISA, 29 USC § 1001 *et. seq*.

Plaintiff was an employee of Invacare Corporation since August 2004 as a salesperson of medical equipment. Invacare maintained an employee benefit plan known as The Group Short Term Disability and Long Term Disability Plan for Employees of Invacare Corporation; (herein the Plan). Invacare is the plan sponsor of the Plan within the meaning of ERISA. Although Invacare is the Plan Sponsor and Administrator under the Plan, *de facto* control and administration of the Plan is within the exclusive authority of Defendant Hartford Insurance Company. **(See: Answer of Defendant Hartford Insurance, para 9**).

On February 28, 2005, Plaintiff sustained substantial injuries primarily consisting of compression of his thoracic spinal area, and a right shoulder injury resulting in athroscopic surgery for repair of a labral tear. The surgery was not successful, and he sustained a restriction

of movement in the right shoulder with severe pain. He was later diagnosed as having developed reflex sympathetic dystrophy, with a ten (10%) percent whole person impairment. At least two physicians declared him unable to work.

Based on his extensive injuries, Plaintiff began receiving long term disability benefits commencing June 15, 2005. On June 8, 2006 Defendant Hartford terminated further benefits effective June 1, 2006. Plaintiff timely appealed the denial, and Hartford's final decision denying long term benefits to Plaintiff was filed on September 18, 2006.

On August 23, 2007 Plaintiff filed the within complaint claiming a wrongful termination of disability benefits under ERISA. The Court held a Rule 16 pretrial conference on December 5, 2007, at which time the parties were urged to conduct mediation, or in any event to file dispositive motions within ninety (90) days of the pretrial conference; that is prior to March 5, 2008.

The parties have engaged in negotiations since the pretrial conference date. Defendants have not, to this date agreed to have the case heard in mediation. Thus, anticipating an inability to resolve the issues in mediation, Plaintiff respectfully requests that he be allowed to conduct limited discovery.

Plaintiff's Complaint alleges that Hartford Insurance acted under an inherent conflict of interest in both funding and administering benefits under the Plan. **Complaint para 30**. The type conflict has led the First Circuit to recommend a re-examination of the standard of review so that the Court will be able to consider the evidence of disability *de novo,* even when the Plan grants discretionary authority to the Administrator. *Denmark v. Liberty Life Assurance*

*Company of Boston*, 481 F.3d 16, 31 (1st Cir. 2007). The *Denmark* case is currently awaiting *en banc* review.

In its determination to hear the issue of conflict as invoking a less deferential review, the *Denmark* Court relied, in part on the Court's pronouncement in *Firestone v. Bruch*, 489 US 101, 115 (1989) that a conflict of interest may be considered by the Court to determine if the Plan Administrator has abused its discretion. The *Denmark* Court noted that a structural conflict will not necessarily change the standard of review on the grounds that market forces may provide a balance to minimize the effects of a conflict. *Id* 481 F.3d at 30.

The *Denmark* Court also notes the various methods by which the Circuit Courts have dealt with the issue of conflict and its impact on the Court's standard of review. Seven of the circuit courts hold that a conflict of interest does warrant a less deferential standard of review, and use a sliding scale type of review, giving less deference to the Administrator as the degree of conflict increases. *Id.*

Before the Court can consider the issue, it must first be presented with evidence of the effect of the conflict on the Administrator's decision making. Should the evidence reveal blatant instances of self serving conduct, the Court may consider a less deferential review, or the Administrator's conduct as a factor leading to an abuse of discretion. Plaintiff should therefore be allowed to explore whether a conflict of interest has tainted the Administrator's determination, and conduct discovery limited to these issues.

In this Circuit, district courts have allowed discovery on limited ERISA issues when necessary for a fair determination of the underlying issues. *eg; Smith v. Jefferson Pilot Financial*

*Ins. Co*., 245 FRD 45 (D.MA. 2007) (re: discovery of documents claimed to be protected under the attorney client privilege); *Desrosiers v.Hartford Life and Acc. Ins. Co.*, 456 F.Supp.2d 325, 334 (D.R.I. 2006) (referring to internal procedure information obtained through discovery).

Accordingly, based on the within, Plaintiff respectfully requests that he be given leave to conduct discovery on the limited issue of whether a conflict of interest has so colored the Defendant's decision as to amount to an abuse of discretion.

Furthermore, based on the within, Plaintiff requests that the time for filing dispositive motions be extended so as to provide sufficient time to conduct discovery as stated herein. Plaintiff respectfully requests an extension of four months; that is from March 5 2008 through July 5, 2008 to file dispositive motions.

PLAINTIFF
By his attorneys,
Law Office of Mark B. Morse

/s/ Mark B. Morse

MARK B. MORSE
RI Bar Reg No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com

**CERTIFICATION**

To: Mark A. Pogue, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

I hereby certify that a true copy of the within was transmitted through the ECF system of the United States District Court, D.R.I. to the abovenamed.

DATE: February 18, 2008 /s/ Mark B. Morse