UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT C. HINTON, JR., Plaintiff, v. THE GROUP SHORT TERM DISABILITY AND LONG TERM DISABILITY PLAN FOR EMPLOYEES OF INVACARE CORPORATION; INVACARE CORPORATION, In Its Capacity As Plan Administrator; and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; Alias, Defendants. | : | C.A. No. 07-321-ML |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO ALLOW LIMITED DISCOVERY**

Defendants The Group Short Term Disability and Long Term Disability Plan for Employees of Invacare Corporation (the "Plan"), Invacare Corporation ("Invacare") and Hartford Life and Accident Insurance Company ("Hartford") (collectively, the "Defendants") submit this memorandum in support of their opposition to the Motion To Allow Limited Discovery submitted by Plaintiff Robert C. Hinton, Jr. ("Plaintiff").[1]

**BACKGROUND**

This action seeks damages and equitable relief under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., based on Defendants' decision to stop paying

[1] Plaintiff's motion, entitled "Motion to Allow Limited Discovery and for Extension of Time to File Dispositive Motions," ("the Motion") also seeks an extension of time within which to file dispositive motions. Defendants have filed a separate response to that aspect of Plaintiff's Motion. This memorandum only addresses the portion of Plaintiff's Motion seeking leave to file limited discovery.

long-term disability benefits to Plaintiff. Complaint, ¶ 17, 19. The employee benefit plan at issue is funded by an insurance policy purchased from Hartford by Invacare. Id. at ¶ 9. Although Invacare is the plan administrator, Hartford is the claims administrator and has full discretion and authority to determine eligibility for benefits under the Plan. [2] Answer of Defendant Hartford Life and Accident Insurance Company ("Hartford Answer"), ¶ 9.

In the Motion, Plaintiff requests leave "to file limited discovery on the question of whether the Defendant, Hartford Life and Accident Insurance Company has a conflict of interest so as to taint its determination that the Plaintiff should be denied long-term disability benefits." Plaintiff's Motion does not append the discovery requests he wishes to serve; in fact, the Motion does not even describe the types of discovery in which he would like to engage. Indeed, outside of the vague request that he "be allowed to explore whether a conflict of interest has tainted the Administrator's determination,"[3] Plaintiff has failed to provide any information at all regarding the scope and extent of the "limited discovery" that he seeks.

## ARGUMENT

The Motion should be denied because Plaintiff is not entitled to any discovery beyond the administrative record. The Motion should also be denied because Plaintiff has failed to present or describe the specific discovery requests he proposes to serve.

---

[2] Plaintiff has confused the roles of Hartford and Invacare by stating that "*de facto* control and administration of the Plan is within the exclusive authority of Defendant Hartford Insurance Company." Plaintiff's Memorandum In Support Of His Motion To Allow Limited Discovery And For Extension Of Time In Which To File Dispositive Motions ("Pl. Mem."), first page. As set forth in Hartford's Answer, Hartford is only the *claims* administrator, with full discretion and authority for administering claims, while Invacare, as plan administrator, retains discretion and authority relative to other aspects of the Plan.

[3] Pl. Mem., third page.

## I. Plaintiff Is Not Entitled To Discovery Beyond The Administrative Record

### A. Judicial Review is Limited to the Administrative Record

It is well-settled in this District that judicial review in an ERISA case is generally limited to the administrative record. Grady v. Paul Revere Life Ins. Co., 10 F.Supp.2d 100, 110, 112 (D.R.I. 1998). This Court has stated that "where an ERISA plan confers discretionary authority upon the plan administrator to determine eligibility for benefits or to construe the terms of the plan, then the district court is to apply the arbitrary and capricious standard of review to the administrator's factual determinations." Id. at 110; see also Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S. Ct. 948 (1989). This Court has further held that in such circumstances, where the arbitrary and capricious standard is used to review the plan administrator's actions, judicial review is limited to the "record before the administrator." Grady, 10 F.Supp.2d at 112.

Here, there is no dispute that the Plan confers discretionary authority upon Hartford to determine eligibility for benefits under the Plan. As a result, under this Court's holding in Grady judicial review of Hartford's decision to terminate the payment of benefits to Plaintiff will be governed by the arbitrary and capricious standard of review. Grady, supra at 110. Pursuant to this "deferent standard of review," this Court's review of Defendants' actions is limited to the "record before the administrator." Id. at 112. Consequently, Plaintiff is not entitled to discovery outside of the administrative record.

### B. The First Circuit's Holding in Denmark Does Not Permit Plaintiff to Engage in Discovery

Plaintiff relies on Denmark v. Liberty Life Assurance Co. of Boston, 481 F.3d 16 (1st Cir. 2007), in support of his position that he is entitled to discovery. Pl. Mem., third page. Plaintiff appears to contend that Denmark changed the law so as to permit discovery where a

"structural" conflict of interest exists, id., and he alleges that such a structural conflict is present in this case. Complaint, ¶ 30.

Denmark does not support Plaintiff's position that he is entitled to discovery beyond the administrative record. In Denmark, the First Circuit considered whether the *de novo* standard of review, as opposed to the arbitrary and capricious standard, should apply where the employee benefit plan's insurer both reviewed and paid claims brought under the plan, thereby creating a structural conflict of interest. 481 F.3d at 27. Two judges on the Denmark panel recommended that "our circuit should reexamine in an en banc proceeding the standard of review that applies when an insurer both reviews and pays disability claims, resulting in a structural conflict of interest." Id. at 19.[4]

Denmark, however, did not change the First Circuit's interpretation of ERISA in any respect. To the contrary, the Denmark panel explicitly stated that "we are bound by our precedent, and must apply arbitrary and capricious review in situations where the conflict of interest is purely structural." 481 F.3d at 31. Since Denmark did not change the law, Plaintiff is bound by the well-established precedent limiting discovery in ERISA cases to the administrative record.[5]

This Court, like the Denmark panel, is bound by First Circuit precedent. That precedent clearly holds that an arbitrary and capricious standard of review applies in the instant case and,

[4] Notably, although Judges Lipez and Howard recommended an en banc proceeding to consider the proper standard of review in ERISA cases involving a structural conflict of interest, Judge Selya disagreed with this recommendation. Denmark v. Liberty Life Assurance Co. of Boston, 481 F.3d 16, 19, 40 (1st Cir. 2007) In his concurring opinion, Judge Selya stated that the current framework employed by the Court in ERISA cases "is not only correct, but also sufficiently flexible to permit us to take into account singular factors and circumstances that might heighten conflict-of-interest concerns in a particular case," and, accordingly, suggested that the Court heed the wisdom of the phrase "if it ain't broke, don't fix it." Id. at 40.

[5] The First Circuit re-emphasized that Denmark did not change the law less than thirty days ago in Desrosiers v. Hartford Life And Accident Insurance Company, -- F3d. --, 2008 WL 384165 (1st Cir. Feb. 14, 2008). There, the First Circuit noted that although a petition for en banc review of the Denmark decision was pending, "abuse of discretion remains the standard of review applied in this circuit." Desrosiers, supra, 2008 WL at *5, n. 9.

accordingly, judicial review is limited to the "record before the administrator." Grady, 10 F.Supp.2d at 110, 112. Consequently, Plaintiff is not entitled to serve discovery "to explore whether a conflict of interest has tainted the Administrator's determination," Pl. Mem., third page, or for any other purpose.

### C. Plaintiff Has Not Shown Good Cause For Discovery Beyond the Administrative Record

Even if the law permitted discovery beyond the administrative record in certain cases reviewed under the arbitrary and capricious standard, Plaintiff has not shown good cause for such discovery in the instant case. Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 519 (1st Cir. 2005) ("[T]he focus of judicial review, under the arbitrary and capricious standard, is ordinarily on the record made before the administrator and at least some very good reason is needed to overcome that preference."); Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 23 (1st Cir. 2003) ("[A]t least some very good reason is needed to overcome the strong presumption that the record on review is limited to the record before the administrator."). This case is nothing more than a garden variety disability insurance action, and Plaintiff has not articulated any compelling reason why he should be exempt from the general rule limiting discovery to the administrative record. It is well-settled that in ordinary ERISA cases such as this one, involving a challenge to the merits of the decision to deny benefits, new evidence is not admissible. See Orndorf, 404 F.3d at 519, 520. A mere assertion that a structural conflict of interest exists is not enough to overcome the "strong presumption" that the reviewing court is limited to the administrator record and allow the plaintiff to engage in discovery. See Liston, 330 F.3d at 23; see also Denmark, 481 F.3d at 29 (discussing First Circuit precedent finding that a structural conflict "is not as serious as might appear at first blush" and recognizing that an insurer's financial interest is balanced by other concerns).

Accordingly, even assuming that it is proper to allow discovery outside of the administrative record in some instances, Plaintiff has not alleged good cause for discovery in the instant case.

## II. The Motion Should Be Denied Because Plaintiff Has Failed To Identify The Specific Discovery He Proposes To Serve

As noted, Plaintiff's Motion does not append the discovery requests he proposes to serve, or even describe that discovery. As a consequence, Defendants and the Court are left to guess as to the nature and scope of the "limited discovery" Plaintiff wants to serve.

If the Court is inclined to entertain favorably Plaintiff's request to take discovery beyond the administrative record, it should first require Plaintiff to identify the discovery he proposes to serve with sufficient specificity so that Defendants can determine what is at issue. In addition, Plaintiff should be required to demonstrate how his proposed discovery will promote his interest in determining "whether a conflict of interest has tainted the Administrator's determination." Only at that point will Defendants and the Court have a basis on which to judge the propriety of the requested discovery.

## CONCLUSION

For these reasons, Plaintiff's Motion to Allow Limited Discovery should be denied.

DEFENDANTS,

By Their Attorneys,

/s/ Mark A. Pogue
Mark A. Pogue (#3441)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Fax 401-276-6611

Certificate of Service

I hereby certify that on the _14th_ day of March, 2008 a copy of the foregoing Memorandum of Law was served by ECF to:

Mark B. Morse, Esq.
111 Wayland Avenue
Providence, RI 02903

/s/ Mark A. Pogue