UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT C. HINTON, JR.<br><br>Plaintiff,<br><br>v.<br><br>THE GROUP SHORT TERM DISABILITY AND LONG TERM DISABILITY PLAN FOR EMPLOYEES OF INVACARE CORPORATION; INVACARE CORPORATION, In Its Capacity As Plan Administrator; and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; Alias | : | C.A. No. 07-321-ML |

**COUNTERCLAIM**

Defendant-counterclaimant Hartford Life And Accident Insurance Company ("Hartford") hereby asserts the following counterclaim against plaintiff.

**Parties and Jurisdiction**

1. Plaintiff and counterclaim-defendant Robert C. Hinton, Jr. ("Hinton") is an individual. Upon information and belief, Hinton resides in Rhode Island.

2. Hartford is a corporation engaged in the business of insurance. Hartford is authorized to do business in Rhode Island.

3. This Court has subject-matter jurisdiction over this matter pursuant to F.R. Civ. P. 13.

**Factual Background**

4. Hinton was formerly an employee of Invacare Corporation ("Invacare"). Invacare maintained an employee benefit plan known as The Group Short Term Disability And Long Term Disability Plan For Employees Of Invacare Corporation (the "Plan"). The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

5. Invacare purchased an insurance policy (the "Policy") issued by Hartford to fund the Plan. Hartford serves as the claims administrator for the Plan, and has full discretion and authority to determine eligibility for benefits under the Plan.

6. Hinton was a participant in the Plan.

7. In 2005, Hinton submitted a claim for long-term disability benefits under the Plan, alleging that he was totally disabled. Hartford approved Hinton's claim and, beginning May 30, 2005, commenced making disability benefit payments to Hinton in the amount of $1,750.01 per month.

8. On or about June 8, 2006, Hartford determined that Hinton was no longer totally disabled within the meaning of the Plan. Hartford therefore terminated Hinton's benefit payments. Hartford's last payment to Hinton was made on May 31, 2006.

9. Hinton appealed the decision to terminate his benefits. On or about September 18, 2006, Hartford denied his appeal.

10. Hinton filed this action (the "Complaint") on or about August 23, 2007. In his Complaint, Hinton alleges that Invacare and Hartford have "terminated Plaintiff's benefits and have refused to pay Plaintiff's benefits in violation of the written provisions of the Plan."

Complaint, ¶ 28. Hinton further alleges that Invacare and Hartford have violated their fiduciary obligations to him under ERISA. Id., ¶ 31.

11. Under the terms of the Plan, any long-term disability benefits payable to Hinton must be reduced by any benefit for loss of income provided to Hinton or his family, including any disability benefits received under the United States Social Security Act (the "SSA"). The Plan further provides that the minimum monthly benefit payable under the Plan is $100. In addition, the Plan provides that if a participant receives benefits in excess of the amount that was due under the Plan, then Hartford is entitled to recover the overpayment from the participant, and the participant must refund to Hartford the overpaid amount.

12. After repeated requests, on March 26, 2008 Hinton provided information concerning an SSA award he received in May 2007 (three months before this action was filed). A copy of this information is attached at Exhibit A hereto.

13. As Exhibit A reflects, in May 2007 Hinton received a payment of retroactive SSA disability benefits in the amount of $19,884. This represented benefits earned since August 2005, when his entitlement to receive SSA benefits began. In particular, Hinton received retroactive SSA disability benefits for the period beginning August 2005 in the amount of $1,141 per month. Subsequently, Hinton received increases in his monthly SSA disability benefit.

14. As Exhibit A further reflects, in May 2007 Hinton also received a payment of retroactive SSA disability benefits in the amount of $12,574 for the benefit of his two dependents. This represented benefits earned since August 2005, when Hinton's entitlement to receive SSA benefits began, through April 2007.

15. From August 2005 through May 2006, Hartford paid Hinton disability benefits under the Policy at the rate of $1,750.01 per month. During the same time period, however,

Hinton was receiving SSA disability benefits (including those for the benefit of his children) in excess of $1,750.01 per month. As a result, Hinton was only entitled to receive the minimum monthly benefit of $100 per month during this period. Consequently, Hartford has overpaid Hinton by ($1,750.01 - $100) X 10 months, or $16,500.10.

**Equitable Relief Pursuant To 29 U.S.C. § 1132(a)(3)**

16. Hartford incorporates the foregoing allegations by reference.

17. ERISA § 1132(a)(3) authorizes a fiduciary of an employee welfare benefit plan to seek "appropriate equitable relief" from plan beneficiaries. Moreover, the same provision authorizes plan fiduciaries to recover a particular fund from plan beneficiaries and a particular share of that fund to which the Plan was entitled.

18. The overpayments Hartford made to Hinton constitute a particular fund in Hinton's possession. The overpayments also constitute a particular share of that fund to which the Plan is entitled.

19. Hartford is therefore entitled, pursuant to 29 U.S.C. § 1132(a)(3), to recover the overpayments it made to Hinton.

WHEREFORE, Hartford respectfully requests that the Court enter judgment in its favor and dismiss the Complaint; and that judgment enter in its favor on its Counterclaim and that it be

awarded (i) equitable and/or compensatory damages in an amount to be determined at trial; (ii) interest, costs and attorney fees; and (iii) such further relief as permitted by law.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY; Alias

By Its Attorneys,

Mark A. Pogue (#3441)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Fax 401-276-6611

Certificate of Service

I hereby certify that on the day of May, 2008 a copy of the foregoing Counterclaim was served by ECF to:

Mark B. Morse, Esq.
111 Wayland Avenue
Providence, RI 02903

# Social Security Administration
## Retirement, Survivors and Disability Insurance
Notice of Award

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: May 19, 2007
Claim Number: 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HA

001211 MCSM77 N3 2.620

ROBERT C HINTON JR
[redacted]

You are entitled to monthly disability benefits beginning August 2005.

**The Date You Became Disabled**

We found that you became disabled under our rules on February 28, 2005.

However, you have to be disabled for 5 full calendar months in a row before you can be entitled to benefits. For these reasons, your first month of entitlement to benefits is August 2005.

**What We Will Pay And When**

- You will receive $19,884.00 around May 25, 2007.
- This is the money you are due for August 2005 through April 2007.
- Your next payment of $1,242.00, which is for May 2007, will be received on or about the fourth Wednesday of June 2007.
- After that you will receive $1,242.00 on or about the fourth Wednesday of each month.
- Later in this letter, we will show you how we figured these amounts.

The day we make payments on this record is based on your date of birth.

Enclosure(s):
Pub 05-10153
Pub 05-10058
Return Envelope
Form CMS-2690



Exh. A

**Your Benefits**

The following chart shows your benefit amount(s) before any deductions or rounding. The amount you actually receive(s) may differ from your full benefit amount. When we figure how much to pay you, we must deduct certain amounts, such as Medicare premiums. We must also round down to the nearest dollar.

| Beginning Date | | Benefit Amount | Reason |
|---|---|---|---|
| August | 2005 | $1,141.90 | Entitlement began |
| December | 2005 | $1,188.70 | Cost-of-living adjustment |
| January | 2006 | $1,202.60 | Credit for additional earnings |
| December | 2006 | $1,242.20 | Cost-of-living adjustment |

**Information About Medicare**

You are entitled to medicare hospital and medical insurance beginning August 2007.

We will send you a Medicare card. You should take this card with you when you need medical care. If you need medical care before receiving the card and your coverage has already begun, use this letter as proof that you are covered by Medicare.

If you do not want medical insurance, please complete the enclosed card and return it to us in the envelope we have provided. You will need to do this by the date shown on the card. If you decide you do not want the insurance, we will return any premiums that you have paid.

**Information About Representative's Fees**

We have approved the fee agreement between you and your representative.

Your past-due benefits are $25,184.00 for August 2005 through April 2007. Under the fee agreement, the representative cannot charge you more than $5,300.00 for his or her work. The amount of the fee does not include any out-of-pocket expenses (for example, costs to get copies of doctors' or hospitals' reports). This is a matter between you and the representative.

**How To Ask Us To Review The Determination On The Fee Amount**

You, the representative or the person who decided your case can ask us to review the amount of the fee we say the representative can charge.

If you think the amount of the fee is too high, write us within 15 days from the day you get this letter. Tell us that you disagree with the amount of the fee and give your reasons. Send your request to this address:

Social Security Administration
Office of Disability Adjudication and Review
Attorney Fee Branch
5107 Leesburg Pike
Falls Church, Virginia 22041-3255

The representative also has 15 days to write us if he or she thinks the amount of the fee is too low.

If we do not hear from you or the representative, we will assume you both agree with the amount of the fee shown.

**Information About Past-Due Benefits Withheld To Pay A Representative**

Because of the law, we usually withhold 25 percent of the total past-due benefits to pay an approved representative's fee. We withheld $5,300.00 from your past-due benefits to pay the representative.

We are paying the representative from the benefits we withheld. Therefore, we must collect a service charge from him or her. The service charge is 6.3 percent of the fee amount we pay, but not more than $77, which is the most we can collect in each case under the law. We will subtract the service charge from the amount payable to the representative.

The representative cannot ask you to pay for the service charge. If the representative disagrees with the amount of the service charge, he or she must write to the address shown at the top of this letter. The representative must tell us why he or she disagrees within 15 days from the day he or she gets this letter.

**Other Social Security Benefits**

The benefit described in this letter is the only one you can receive from Social Security. If you think that you might qualify for another kind of Social Security benefit in the future, you will have to file another application.

**Your Responsibilities**

The decisions we made on your claim are based on information you gave us. If this information changes, it could affect your benefits. For this reason, it is important that you report changes to us right away.

We have enclosed a pamphlet, "What You Need To Know When You Get Disability Benefits". It will tell you what must be reported and how to report. Please be sure to read the parts of the pamphlet which explain what to do if you go to work or if your health improves.

A provider of employment or vocational rehabilitation services may contact you about getting help to go to work. The provider may be a State vocational rehabilitation agency or a provider under contract with the Social Security Administration.

If you go to work, special rules allow us to continue your cash payments and health care coverage. For more information about how work and earnings affect disability benefits, call or visit any Social Security office and ask for the following publications:

- Social Security - Working While Disabled...How We Can Help (SSA Publication No. 05-10095).
- Social Security - If You Are Blind--How We Can Help (SSA Publication No. 05-10052).

**Other Information**

We are sending a copy of this notice to RONALD CREAMER.

**Do You Disagree With The Decision?**

You have already been notified of your appeal rights regarding the decision made by the Administrative Law Judge and what you must do to have that decision reexamined. If you believe that any other determination made by us in carrying out the Administrative Law Judge decision is incorrect, you may also request that part of your case be reexamined.

If you want this reconsideration, you may request it through any Social Security office. If additional evidence is available, you should submit it with your request. We will review your case and consider any new facts you have. A person who did not make the first decision will decide your case. We will correct any mistakes. We will review those parts of the decision which you believe are wrong and will look at any new facts you have. We may also review those parts which you believe are correct and may make them unfavorable or less favorable to you.

- You have 60 days to ask for an appeal.
- The 60 days start the day after you get this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.
- You must have a good reason for waiting more than 60 days to ask for an appeal.
- You have to ask for an appeal in writing. We will ask you to sign a Form SSA-561-U2, called "Request for Reconsideration". Contact one of our offices if you want help.

Please read the enclosed pamphlet, "Your Right to Question the Decision Made on Your Social Security Claim". It contains more information about the appeal.

**Things To Remember For The Future**

Doctors and other trained staff decided that you are disabled under our rules. But, this decision must be reviewed at least once every 3 years. We will send you a letter before we start the review. Based on that review, your benefits will continue if you are still disabled, but will end if you are no longer disabled.

Please tell us if there is a change in the mailing address and/or direct deposit information. We need this information to make sure payments are deposited timely and important notices regarding your payments reach you.

**If You Have Any Questions**

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security. If you have any specific questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at 1-401-766-8423. We can answer most questions over the phone. If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778. You can also write or visit any Social Security office. The office that serves your area is located at:

SOCIAL SECURITY
PAVILION PLAZA
2168 DIAMOND HILL ROAD
WOONSOCKET, RI 02895

If you do call or visit an office, please have this letter with you. It will help us answer your questions. Also, if you plan to visit an office, you may call ahead to make an appointment. This will help us serve you more quickly when you arrive at the office.

Michael J. Astrue
Commissioner
of Social Security

# PAYMENT SUMMARY

**Your Payment Of $19,884.00**

Here is how we figured your first payment:

Benefits due for August 2005 through April 2007 including any cost of living increase and considering work and earnings through 2005, less monthly rounding of benefits ........................ $25,184.00

Amount we subtracted because of

- money to pay your representative ............................ 5,300.00

This equals the amount of your first payment ........................................ $19,884.00

**Your Regular Monthly Payment**

Here is how we figured your regular monthly payment effective May 2007:

You are entitled to a monthly benefit of .................... $ 1,242.20

Amount we subtracted because of

- rounding (we must round down to a whole dollar) ................................ .20

This equals the amount of your regular monthly payment ............................ $ 1,242.00

# Social Security Administration
## Retirement, Survivors and Disability Insurance
Notice of Award

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: May 19, 2007
Claim Number: 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HC1

000872 MCSM77 N4 3.200

ROBERT HINTON JR FOR
KAYLA NICOLE HINTON
[redacted]

KAYLA N HINTON is entitled to monthly child's benefits beginning August 2005.

We have chosen you to be her representative payee. Therefore, you will receive her checks and use the money for her needs.

**What We Will Pay And When**

- You will receive $6,287.00 around May 25, 2007.
- This is the money KAYLA is due for August 2005 through April 2007.
- KAYLA N HINTON's next payment of $310.00, which is for May 2007, will be received on or about the fourth Wednesday of June 2007.
- After that you will receive $310.00 on or about the fourth Wednesday of each month.
- These and any future payments will go to the financial institution you selected. Please let us know if you change your mailing address, so we can send you letters directly.

The day we make payments on this record is based on ROBERT C HINTON JR's date of birth.

**Your Benefits**

We changed KAYLA's monthly benefit amount beginning December 2005 and again beginning December 2006 because the cost of living increased. We also raised her benefit beginning January 2006.

Enclosure(s):
Pub 05-10077
Pub 05-10076
Pub 05-10058

# Social Security Administration
# Retirement, Survivors and Disability Insurance
Notice of Award

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: May 19, 2007
Claim Number: 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HC2

000073 MCSM77 N4 3.200

ROBERT HINTON JR FOR
ALYSSA YVETTE HINTON
[redacted]

ALYSSA Y HINTON is entitled to monthly child's benefits beginning August 2005.

We have chosen you to be her representative payee. Therefore, you will receive her checks and use the money for her needs.

**What We Will Pay And When**

- You will receive $6,287.00 around May 25, 2007.
- This is the money ALYSSA is due for August 2005 through April 2007.
- ALYSSA Y HINTON's next payment of $310.00, which is for May 2007, will be received on or about the fourth Wednesday of June 2007.
- After that you will receive $310.00 on or about the fourth Wednesday of each month.
- These and any future payments will go to the financial institution you selected. Please let us know if you change your mailing address, so we can send you letters directly.

The day we make payments on this record is based on ROBERT C HINTON JR's date of birth.

**Your Benefits**

We changed ALYSSA's monthly benefit amount beginning December 2005 and again beginning December 2006 because the cost of living increased. We also raised her benefit beginning January 2006.

Enclosure(s):
Pub 05-10077
Pub 05-10076
Pub 05-10058

C

See Next Page