UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ROBERT C. HINTON, JR.

VS. CA NO: 07- 321ML

THE GROUP SHORT TERM DISABILITY AND LONG TERM DISABILITY PLAN FOR EMPLOYEES OF INVACARE CORPORATION; INVACARE CORPORATION In Its Capacity as Plan Administrator; and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; Alias

PLAINTIFF'S MOTION TO COMPEL FURTHER ANSWER TO INTERROGATORIES FROM DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

Now comes the Plaintiff and herein moves that the Defendant Hartford Life and Accident Insurance Company be required to provide further answers to interrogatories. In support Plaintiff avers as follows:

1. On March 31, 2008 The Court allowed limited discovery pertaining to the issue of whether a conflict of interest exists involving the defendant Hartford Life and Accident Insurance Company, subject to Defendant's objections as to the discovery being sought.

2. Consistent with said Order, on April 1, 2008 Plaintiff propounded a total of seven interrogatories to the Defendant. On May 13, 2008, Defendant objected to each of the interrogatories. Notwithstanding said objection, a response was made to all but interrogatory number 7.

Interrogatory Number 7 and the response thereto states:

7. Please state if there is a policy manual in use by Defendant upon which Defendant relies to determine whether disability benefits are to be awarded in a particular situation, and please state the name and address of the person who has custody of the writing, and if you will do so without a motion to produce attach a copy of the writing.

RESPONSE: **OBJECTION.** Hartford objects to this interrogatory on the grounds that it is

overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Hartford further objects to this interrogatory on the grounds that it goes beyond the scope of the discovery permitted by Judge Lisi in this case since it has nothing to do with any alleged conflict of interest.

**REASONS THE RESPONSE IS INADEQUATE:** The claims manual provides the practices and procedures used by the claims representatives for determining the merits of a claim. It is highly relevant to the issue of conflict of interest. The claims manual sets forth all the guidelines that a claims representative is to consider when reviewing a claim. Plaintiff is entitled to review the claims manual to determine if it describes a procedure or practice contaminated by actual or potential conflict in the administration of a claim. Not only is the claims manual relevant to the issue, it may the single most relevant document to the issue.

**REQUESTED RELIEF:** Plaintiff respectfully requests that his motion to compel be granted, and that Defendant be ordered to produce said claims manual within twenty (20) days of the granting of the motion.

PLAINTIFF
By his Attorneys,
Law Office of Mark B. Morse

/s/ Mark B. Morse

MARK B. MORSE
RI Bar Reg. No 3003
111 Wayland Avenue
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com

**CERTIFICATION**

To: Mark A. Pogue, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

I hereby certify that a true copy of the within was transmitted through the ECF system of the United States District Court, D.R.I. to the abovenamed.

DATE: May 16, 2008 /s/ Mark B. Morse