UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT C. HINTON, JR. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 07-321-ML |
| | : | |
| THE GROUP SHORT TERM DISABILITY AND LONG TERM DISABILITY PLAN FOR EMPLOYEES OF INVACARE CORPORATION; INVACARE CORPORATION, In Its Capacity As Plan Administrator; and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; Alias | : | |

**COUNTERCLAIM**

Defendant-counterclaimant Hartford Life And Accident Insurance Company ("Hartford") hereby asserts the following counterclaim against plaintiff.

**Parties and Jurisdiction**

1. Plaintiff and counterclaim-defendant Robert C. Hinton, Jr. ("Hinton") is an individual. Upon information and belief, Hinton resides in Rhode Island.

2. Hartford is a corporation engaged in the business of insurance. Hartford is authorized to do business in Rhode Island.

3. This Court has subject-matter jurisdiction over this matter pursuant to F.R. Civ. P. 13.

## Factual Background

4. Hinton was formerly an employee of Invacare Corporation ("Invacare"). Invacare maintained an employee benefit plan known as The Group Short Term Disability And Long Term Disability Plan For Employees Of Invacare Corporation (the "Plan"). The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

5. Invacare purchased an insurance policy (the "Policy") issued by Hartford to fund the Plan. Hartford serves as the claims administrator for the Plan, and has full discretion and authority to determine eligibility for benefits under the Plan.

6. Hinton was a participant in the Plan.

7. In 2005, Hinton submitted a claim for long-term disability benefits under the Plan, alleging that he was totally disabled. Hartford approved Hinton's claim and, beginning May 30, 2005, commenced making disability benefit payments to Hinton in the amount of $1,750.01 per month.

8. On or about June 8, 2006, Hartford determined that Hinton was no longer totally disabled within the meaning of the Plan. Hartford therefore terminated Hinton's benefit payments. Hartford's last payment to Hinton was made on May 31, 2006.

9. Hinton appealed the decision to terminate his benefits. On or about September 18, 2006, Hartford denied his appeal.

10. Hinton filed this action (the "Complaint") on or about August 23, 2007. In his Complaint, Hinton alleges that Invacare and Hartford have "terminated Plaintiff's benefits and have refused to pay Plaintiff's benefits in violation of the written provisions of the Plan."

Complaint, ¶ 28. Hinton further alleges that Invacare and Hartford have violated their fiduciary obligations to him under ERISA. Id., ¶ 31.

11. Under the terms of the Plan, any long-term disability benefits payable to Hinton must be reduced by any benefit for loss of income provided to Hinton or his family, including any disability benefits received under the United States Social Security Act (the "SSA"). The Plan further provides that the minimum monthly benefit payable under the Plan is $100. In addition, the Plan provides that if a participant receives benefits in excess of the amount that was due under the Plan, then Hartford is entitled to recover the overpayment from the participant, and the participant must refund to Hartford the overpaid amount.

12. After repeated requests, on March 26, 2008 Hinton provided information concerning an SSA award he received in May 2007 (three months before this action was filed). A copy of this information is attached at Exhibit A hereto.

13. As Exhibit A reflects, in May 2007 Hinton received a payment of retroactive SSA disability benefits in the amount of $19,884. This represented benefits earned since August 2005, when his entitlement to receive SSA benefits began. In particular, Hinton received retroactive SSA disability benefits for the period beginning August 2005 in the amount of $1,141 per month. Subsequently, Hinton received increases in his monthly SSA disability benefit.

14. As Exhibit A further reflects, in May 2007 Hinton also received a payment of retroactive SSA disability benefits in the amount of $12,574 for the benefit of his two dependents. This represented benefits earned since August 2005, when Hinton's entitlement to receive SSA benefits began, through April 2007.

15. From August 2005 through May 2006, Hartford paid Hinton disability benefits under the Policy at the rate of $1,750.01 per month. During the same time period, however,

Hinton was receiving SSA disability benefits (including those for the benefit of his children) in excess of $1,750.01 per month. As a result, Hinton was only entitled to receive the minimum monthly benefit of $100 per month during this period. Consequently, Hartford has overpaid Hinton by ($1,750.01 - $100) X 10 months, or $16,500.10.

**Equitable Relief Pursuant To 29 U.S.C. § 1132(a)(3)**

16. Hartford incorporates the foregoing allegations by reference.

17. ERISA § 1132(a)(3) authorizes a fiduciary of an employee welfare benefit plan to seek "appropriate equitable relief" from plan beneficiaries. Moreover, the same provision authorizes plan fiduciaries to recover a particular fund from plan beneficiaries and a particular share of that fund to which the Plan was entitled.

18. The overpayments Hartford made to Hinton constitute a particular fund in Hinton's possession. The overpayments also constitute a particular share of that fund to which the Plan is entitled.

19. Hartford is therefore entitled, pursuant to 29 U.S.C. § 1132(a)(3), to recover the overpayments it made to Hinton.

WHEREFORE, Hartford respectfully requests that the Court enter judgment in its favor and dismiss the Complaint; and that judgment enter in its favor on its Counterclaim and that it be

awarded (i) equitable and/or compensatory damages in an amount to be determined at trial; (ii) interest, costs and attorney fees; and (iii) such further relief as permitted by law.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY; Alias

By Its Attorneys,

/s/ Mark A. Pogue
Mark A. Pogue (#3441)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Fax 401-276-6611

Certificate of Service

I hereby certify that on the 10th day of June, 2008 a copy of the foregoing Counterclaim was served by ECF to:

Mark B. Morse, Esq.
111 Wayland Avenue
Providence, RI 02903

/s/ Mark A. Pogue